IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA BIRGE, on behalf of herself and all others similarly situated, | Case No.: 8:13-cv-0136 |
| Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT and JURY DEMAND** |
| vs. | |
| AARON E. SMEALL and SMITH, GARDNER, SLUSKY, LAZER, POHREN & ROGERS, LLP, | |
| Defendants. | |

## I. INTRODUCTION

1. This is a consumer class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Nebraska Consumer Protection Act ("NCPA") Neb. Rev. Stat. § 59-1601 *et seq.* Plaintiff Lisa Birge, on behalf of herself and all persons similarly situated, seek declaratory judgment, injunctive relief, and damages against Defendants Aaron E. Smeall and Smith, Gardner, Slusky, Lazer, Pohren & Rogers, LLP for their routine practice of:

   A. Serving consumers, like Ms. Birge, with complaints in debt collection

1

actions pending in Nebraska County Courts which contained a NOTICE REQUIRED UNDER THE FAIR DEBT COLLECTION PRACTICES ACT stating "4. Unless the Debtor disputes the validity of the debt within thirty (30) days after receipt of the notice, it will be assumed that the debt is valid" (Exhibit A) in violation of 15 U.S.C. §§1692g(a), 1692e and e(10), see: *Orr v. Westport Recovery Corp.*, --- F.Supp.2d ----, 2013 WL 1729578 (N.D.Ga., April 16, 2013);

B.     Serving consumers, like Ms. Birge, in collection actions pending in Nebraska County Courts with requests for admissions which fail to inform unrepresented litigants that the responses thereto must be returned to Mr. Smeall in violation of 15 U.S.C. §§1692e, e(10), and f;

C.     Serving Requests for Admissions on consumers, like Ms. Birge, which request them to admit they owe a debt which had been denied in their Answer filed in Nebraska County Court.

See: *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011).

## II.     JURISDICTION

2.     Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §§1331 and 1337. Jurisdiction over the supplemental state

law claim arises under 28 U.S.C. §1367.

3. In personam jurisdiction exists and venue is proper as the Defendants regularly do business in this district. Plaintiff is a resident of this district and the alleged violations occurred here. See 28 U.S.C. §1391.

### III. PARTIES

4. Plaintiff Lisa Birge ("Ms. Birge") is an adult individual residing in Omaha, Nebraska.

5. At all times material hereto, Ms. Birge and each member of the class she seeks to represent are "consumers" as that term is contemplated in §1692a(3) of the Act.

6. Defendant Aaron E. Smeall ("Mr. Smeall") is an attorney at law engaged in the business of collecting debts due or alleged to be due to others with his place of business located in Omaha, Nebraska. He is a "debt collector" as that term is contemplated in §1692a(6) of the Act.

7. Defendant Smith, Gardner, Slusky, Lazer, Pohren & Rogers, LLP ("SGSLPR") is a law firm engaged in the business of collecting debts due or alleged to be due to others with their place of business located in Omaha, Nebraska and is a "debt collector" as that term is contemplated in §1692a(6) of the Act.

8. Defendants are all entities who contributed to or participated in, or

authorized, and/or implemented the policies regarding the acts complained of or conspired with the named Defendants to commit the acts complained of which caused injuries to the Plaintiff and the class. Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts complained of herein.

9. At all times relevant herein, each of the Defendants were, and are now, the agent, servant, employee, and/or other representative of the other Defendants, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants. Any reference hereinafter to "Defendants", without further qualification, is meant by Plaintiff to refer to each Defendant named above.

## IV. FACTUAL ALLEGATIONS

10. Ms. Birge incurred an obligation with Nebraska Furniture Mart, Inc. which was used for personal, family, or household purposes. (Hereinafter, the "Debt.")

11. Due to economic difficulties suffered by Ms. Birge, the Debt went into default.

12. Nebraska Furniture Mart retained Defendants Aaron E. Smeall and

SGSLPR to collect the Debt.

13. On April 5, 2012, Defendants Aaron E. Smeall and "SGSLPR" filed suit on behalf of Nebraska Furniture Mart against Ms. Birge in the County Court of Douglas County, Nebraska to collect the Debt. A copy of the complaint is attached hereto as <u>Exhibit A</u>.

14. <u>Exhibit A</u> contained a NOTICE REQUIRED UNDER THE FAIR DEBT COLLECTION PRACTICES ACT which stated in part "4. Unless the Debtor disputes the validity of the debt within thirty (30) days after receipt of the notice it will be assumed that the debt is valid."

15. The FDCPA requires: "(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid **by the debt collector**." 15 U.S.C. §1692g(a)(3) (emphasis added).

16. Upon receipt of a complaint in the form of <u>Exhibit A</u> containing a NOTICE REQUIRED UNDER THE FAIR DEBT COLLECTION PRACTICES ACT stating "4. Unless the Debtor disputes the validity of the debt within thirty (30) days after receipt of the notice, it will be assumed that the debt is valid," an ~~least~~ unsophisticated consumer, like Ms. Birge, would believe the debt would be assumed to be valid by the court.

5

17. Ms. Birge filed an answer to Exhibit A denying that she owed the alleged Debt. A copy of the Answer is attached hereto as Exhibit B.

18. Defendants Aaron E. Smeall and "SGSLPR" served Ms. Birge, who was and is unrepresented in the County Court collection suit, with Requests for Admissions, dated November 15, 2012. A copy is attached hereto as Exhibit C.

19. Exhibit C instructed that "this Request for Admissions to be admitted or denied, separately in writing, within thirty (30) days of the date of service hereof."

20. Exhibit C did not instruct Ms. Birge that her responses thereto were to be returned to Defendants.

21. Exhibit C requested Ms. Birge to admit that she owed the alleged Debt although she had denied owing the alleged debt in her Answer (Exhibit B).

22. Ms. Birge prepared responses to Exhibit C. A copy is attached hereto as Exhibit D.

23. Ms. Birge prepared her responses (Exhibit D) to the Requests for Admissions (Exhibit C) and placed them in her case file to await trial.

24. Ms. Birge was confused by Exhibit C and believed that she was to retain here responses thereto until trial of the case.

25. Defendants Aaron E. Smeall and "SGSLPR" filed a motion for

summary judgment on behalf of Nebraska Furniture Mart claiming that the Requests for Admissions (Exhibit C) were deemed admitted because Ms. Birge had not returned them to him.

26. Nebraska Furniture Mart was granted summary judgment based only on the Requests for Admissions against Ms. Birge without a trial.

27. Defendant Aaron E. Smeall on behalf of Defendant "SGSLPR" personally designed, implemented, directed, and supervised these collection practices and policies of the law firm including the design and text of and the procedure for use of Exhibit C.

## V. DEFENDANTS' ROUTINE PRACTICES

28. It is and was the policy and practice of Defendants to serve alleged debtors with complaints in debt collection actions pending in Nebraska County Courts which contained a NOTICE REQUIRED UNDER THE FAIR DEBT COLLECTION PRACTICES ACT stating "4. Unless the Debtor disputes the validity of the debt within thirty (30) days after receipt of the notice, it will be assumed that the debt is valid" (Exhibit A).

29. It is and was the policy and practice of Defendants to file collection lawsuits in Nebraska County Courts and serve unrepresented alleged debtors with requests for admissions in the form of Exhibit C which failed to inform the alleged

debtor that responses thereto were to be returned to Defendants Smeall and "SGSLPR."

30. It is and was the policy and practice of Defendants to file collection lawsuits in Nebraska County Courts and serve unrepresented alleged debtors with requests for admissions in the form of Exhibit C requesting admission of the elements of the alleged debt although the alleged debtor had denied owing the debt in their answer.

31. It is and was the policy and practice of Defendants to obtain judgment against unrepresented debtors without a trial through use of unanswered Requests for Admissions in the form of Exhibit C although the alleged debt had been denied in the debtors' answer.

## VI. CLASS ALLEGATIONS

32. The first class is defined as (i) all Nebraska residents who were served with a complaint from a Nebraska County Court by Defendants Smeall and/or "SGSLPR" (ii) which contained a NOTICE REQUIRED UNDER THE FAIR DEBT COLLECTION PRACTICES ACT stating "4. Unless the Debtor disputes the validity of the debt within thirty (30) days after receipt of the notice, it will be assumed that the debt is valid" (Exhibit A) (iii) in an attempt to collect an obligation incurred for personal, family, or household purposes.

33. The second class is defined as (i) all unrepresented Nebraska residents who were sued in a Nebraska County Court by Defendants Smeall and/or "SGSLPR" (ii) in an attempt to collect an obligation incurred for personal, family, or household purposes (iii) to whom Defendants Smeall and/or "SGSLPR" served with requests for admissions in the form of Exhibit C.

34. The FDCPA subclass encompasses the one year period prior to filing the Complaint.

35. The NCPA subclass encompasses the four year period prior to filing the Complaint.

36. On information and belief based on Defendants' use of form complaints which contained a NOTICE REQUIRED UNDER THE FAIR DEBT COLLECTION PRACTICES ACT stating "4. Unless the Debtor disputes the validity of the debt within thirty (30) days after receipt of the notice, it will be assumed that the debt is valid" (Exhibit A) and discovery (Exhibit C) in Nebraska County Court cases the class is so numerous that joinder of all members is impractical.

37. There are questions of law and fact common to the class, which common questions predominate over any issues involving only individual class members. The principal questions are whether (a) Defendants served complaints

which contained a NOTICE REQUIRED UNDER THE FAIR DEBT COLLECTION PRACTICES ACT stating "4. Unless the Debtor disputes the validity of the debt within thirty (30) days after receipt of the notice it will be assumed that the debt is valid" in the form of <u>Exhibit A</u> in violation of 15 U.S.C. §§1692g(a)(3), 1692e and 1692e(10) and (b) whether Defendants' used Requests for Admissions in the form of <u>Exhibit C</u> in violation of 15 U.S.C. §§1692e and 1692f.

38.   Plaintiff's claims are typical of the class members. All are based on the same facts and legal theories.

39.   Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in class actions and debt collection abuse cases.

40.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

41.   Certification of the Classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

   (a)   The questions of law or fact common to the members of the Classes predominate over any questions affecting only individual

members; and

(b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate.

43. Plaintiff requests the Court to certify a hybrid class or classes combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII. COUNT I -- FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

45. Defendants' use of form complaints which contained a NOTICE REQUIRED UNDER THE FAIR DEBT COLLECTION PRACTICES ACT stating "4. Unless the Debtor disputes the validity of the debt within thirty (30) days after receipt of the notice, it will be assumed that the debt is valid" (Exhibit A) in violation of 15 U.S.C. §§1692g(a)(3), e, and e(10).

46. Defendants use of Request for Admissions (Exhibit C) which failed to inform the recipient of the requirements of Nebraska County Court to respond and

return the responses to the sender was designed to mislead an unsophisticated consumer in violation of 15 U.S.C. §§1692e and f.

WHEREFORE, Plaintiff Lisa Birge requests that judgment be entered for herself and the class she seeks to represent against Defendants Aaron E. Smeall and Smith, Gardner, Slusky, Lazer, Pohren & Rogers, LLP for:

- A. Certification of this action to proceed as a class action;
- B. Damages to the Plaintiff and the class, pursuant to 15 U.S.C. §1692k(a)(2)(B);
- C. Entry of a Declaratory Judgment finding that the practices challenged herein violate the FDCPA;
- D. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and
- E. Such other and further relief as the court deems just and equitable.

## COUNT II - NEBRASKA CONSUMER PROTECTION ACT

47. Plaintiff incorporates by reference the allegations contained above as if the same were here set forth at length.

48. Defendant Aaron E. Smeall is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb.

Rev. Stat. § 59-1601.

49. Defendant Smith, Gardner, Slusky, Lazer, Pohren & Rogers, LLP is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

50. Defendants' use of form complaints which contained a NOTICE REQUIRED UNDER THE FAIR DEBT COLLECTION PRACTICES ACT stating "4. Unless the Debtor disputes the validity of the debt within thirty (30) days after receipt of the notice, it will be assumed that the debt is valid" (Exhibit A) in violation of Neb. Rev. Stat. §59-1602.

51. Defendants' service of requests for admissions in the form of Exhibit C on an unrepresented defendant after a lawsuit to collect the alleged debt has been filed constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. §59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. §59-1602.

52. These violations cause financial injury to the Plaintiff and the Class and bringing this claim is in the public interest.

WHEREFORE, Plaintiff Lisa Birge requests that judgment be entered for herself and the class she seeks to represent against Defendants Aaron E. Smeall and Smith, Gardner, Slusky, Lazer, Pohren & Rogers, LLP for:

  A. Certification of this action to proceed as a class action;

  B. Damages for the Plaintiff and each class member, pursuant to Neb. Rev. Stat. § 59-1609;

  C. Injunctive Relief;

  D. Costs and reasonable attorneys' fees pursuant to Neb. Rev. Stat. § 59-1609; and

  E. Such other and further relief as the Court shall allow, pursuant to Neb. Rev. Stat. § 59-1609.

## VIII. JURY DEMAND

Plaintiff Lisa Birge hereby demands trial by jury of all claims so triable.

Dated this 26th day of June, 2013

           Lisa Birge, on behalf of herself and all others similarly situated, Plaintiffs,

          By: */s/ William L. Reinbrecht*
            Pamela A. Car, #18770
            William L. Reinbrecht, #20138
            Car & Reinbrecht, P.C., LLO
            8720 Frederick Street, Suite 105
            Omaha, NE 68124
            1 (402) 391-8484
            Fax: 1 (402) 391-1103
            E-mail: billr205@gmail.com

and

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOC.
25 East Washington St., Suite 900
Chicago, IL 60602
(312) 372-8822
(312) 372-1673 (FAX)
E-mail: rand@horwitzlaw.com

**ATTORNEYS FOR PLAINTIFF
AND THE PUTATIVE CLASS**

CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2013, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following:

Joshua C. Dickinson
SPENCER FANE BRITT & BROWNE, LLP
12925 West Dodge Road, Suite 107
Omaha, NE 68154

And I certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: N/A

By: /s/William L. Reinbrecht
William L. Reinbrecht #20138
Car & Reinbrecht, P.C., L.L.O.
8720 Frederick Street, #105
Omaha, NE 68124
1 (402) 391-8484