IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
LISA BIRGE, on behalf of      )
herself and all others        )
similarly situated,           )
                              )
            Plaintiff,        )      8:13CV136
                              )
      v.                      )
                              )
AARON E. SMEALL and SMITH,    )      MEMORANDUM OPINION
GARDNER, SLUSKY, LAZER,       )
POHREN & ROGERS, LLP,         )
                              )
            Defendants.       )
_____)
```

This matter is before the Court on the motion (Filing No. 34) of the Defendants, Aaron Smeall ("Smeall") and the law firm of Smith, Gardner, Slusky, Lazer, Pohern & Rogers L.L.P. ("Smith & Gardner") (collectively the "Defendants"), for the Court to reconsider its order dated September 20, 2013 (Filing No. 31). Prior to this order, the plaintiff, Lisa Birge ("Birge"), alleged three issues concerning the Federal Debt Collection Practices Act ("FDCPA") and the Nebraska Consumer Protection Act ("NCPA"). After considering an accompanying brief (Filing No. 20) and index of evidence (Filing No. 21), the Court dismissed two issues on a motion for failure to state a claim (Filing No. 19) but concluded that Birge sufficiently pled the remaining issue: whether an unsophisticated consumer would be misled by a purported "FDCPA notice" and accompanying legal

documents when a debt collector failed to indicate who would deem a debt valid in the event of the debtor's non-response (Filing No. 31, at *9).  The Defendants offer a new brief (Filing No. 35) and index of evidence (Filing No. 36) to substantiate their earlier arguments.  Birge has filed a brief in opposition (Filing No. 46) and the Defendants have filed their reply brief (Filing No. 51).  Birge has also supplemented the record with documents regarding a very similar case, *Jernigan v. Gen. Collection Co.*, 8:13-cv-178 (D. Neb. Nov. 15, 2013) (Filing No. 52).  After consideration of these documents and the relevant case law, the Court will reconsider whether the "FDCPA notice" would materially mislead an unsophisticated consumer.

### BACKGROUND

Birge was a debtor to Nebraska Furniture Mart (the "Mart") when her account became delinquent (Filing No. 31, at 2). The Mart retained Smeall and his firm, Smith & Gardner, to collect the debt in Nebraska state court (*Id.*).  When the Defendants served Birge with her summons and a copy of the complaint, the Defendants attached a document which they labeled "FDCPA notice" (*Id.*).  This notice lacked the statutory language contained within § 1692g(a)(4) of the FDCPA because it omitted the phrase "by the debtor" (*Id.*).  Therefore, the notice stated "Unless the debtor disputes the debt within thirty (30) days

-2-

after receipt of the notice, it will be assumed that the debt is valid" (Ex. A, Filing No. 1-1, at 3). Birge filed her answer within thirty days (Filing No. 36-4, at 6).

After several state court proceedings, Birge filed the current action in the United States District Court for the District of Nebraska (Filing No. 1). The Court denied in part the Defendants' motion to dismiss for failure to state a claim (Filing No. 31). The Defendants now file a motion for the Court to reconsider its previous order. Birge objects on the grounds that, because the Court did not exclude the original index of evidence from its order on September 20, 2013, the Defendants must meet the burdens of Fed. R. Civ. P. 60(b) for reconsideration.

**RECONSIDERATION**

Generally, if the Court considered matters outside of the pleadings on a motion for failure to state a claim, the Court must treat that previous motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). However, district courts in the Eighth Circuit "may consider . . . matters of public record" when addressing a motion to dismiss for failure to state a claim without converting the motion from failure to state a claim into one of summary judgment. *Illig v. Union Elec. Co.*, 652 F.3d 971, 977 (8th Cir. 2011) (quoting *Mills v. City of Grand Forks*, 614

-3-

F.3d 495, 498 (8th Cir. 2010)) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)), *Little Gem Life Sciences, L.L.C. v. Orphan Medical, Inc.*, 537 F.3d 913, 916 (8th Cir. 2008). The parties agree that the documents in the previous index of evidence are public records (Filing No. 46, at 6; Filing No. 51, at 3). The Court will not treat its previous order as one for summary judgment. *See Illig*, 652 F.3d at 977.

District courts have "the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) (quoting *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.,* 48 F.3d 1066, 1070 (8th Cir. 1995)). Because the Court's previous order adjudicated less than all the claims, the Court will reconsider it.

**LEGAL STANDARD**

Complaints filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts may grant a motion to dismiss when the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "When ruling on a motion to dismiss, the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v.*

*Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a sheer possibility. It is not, however, a probability requirement." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotations and citations omitted).

**DISCUSSION**

Congress enacted the FDCPA to "eliminate abusive debt collection practices." *Jernigan v. Gen. Collection Co.,* No. 8:13-cv-178, Filing No. 26, at *6 (D. Neb. Nov. 15, 2013) (citing *Hemmingsen v. Messerli & Kramer. P.A.*, 674 F.3d 814, 817 (8th Cir. 2012) (quoting *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich L.P.A.*, 559 U.S. 573, 576 (2010)). However, the FDCPA also has the "'apparent objective of preserving creditors' judicial remedies.'" *Id*. (quoting *Hemmingsen*, 674 F.3d at 819). "There is no need for follow-on § 1692e litigation that increases the cost of resolving bona fide debtor-creditor disputes." *Id*. (quoting *Hemmingsen*, 674 F.3d at 820).

As in *Jerigan*, Birge claims that the omission of the phrase "by the debt collector" was false, deceptive, or misleading. The omission was not "false" or "deceptive" as a matter of law. *See id.* A statement does not mislead an unsophisticated consumer if it "'effectively conveys' the

consequences of the debtor's inaction." *Id.* at \*6, n.2-3 (quoting *Peters v. Gen. Serv. Bureau*, 277 F.3d 1051, 1055-56 (8th Cir. 2002)). Therefore, the omission of who will deem a debt valid does not materially mislead an unsophisticated consumer as a matter of law because the FDCPA notice effectively conveyed the consequences of the debtor's inaction. *Id.* at \*6.

In addition, Birge failed to state a claim under the NCPA for the same reasons as her FDCPA claim. *See Triple 7, Inc. v. Intervet, Inc.*, 338 F. Supp. 2d 1082, 1087 (D. Neb. 2004). NCPA claims require unfair or deceptive trade practices that affect the public interest. *Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678, 684, 605 N.W.2d 136, 142 (2000). Birge claims that the Defendants violated the NCPA by using form letters that violated the FDCPA. Filing No. 13, ¶ 50. Because those form letters do not violate the FDCPA, those letters do not violate the NCPA. Therefore, Birge's complaint fails. A separate order will be entered in accordance with this memorandum opinion.

DATED this 17th day of December, 2013.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court